J-S27034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEX WATSON | : | |
| | : | |
| Appellant | : | No. 2762 EDA 2024 |

Appeal from the PCRA Order Entered September 19, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001353-2017

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED AUGUST 22, 2025**

Appellant, Alex Watson, appeals from the September 19, 2024, order entered in the Court of Common Pleas of Philadelphia County dismissing his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545, without an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On May 18, 2015, Appellant shot and killed the victim.  Appellant was charged with first-degree murder and related crimes.  On October 30, 2018, Appellant appeared for a jury trial; however, the jury could not reach a unanimous verdict, and the trial court declared a mistrial. Prior to his second trial, Appellant filed a

_____

[*] Former Justice specially assigned to the Superior Court.

motion to proceed *pro se*, which the trial court granted. The trial court appointed Appellant's initial trial counsel as standby counsel for the second trial.

Appellant's second jury trial commenced on April 29, 2019, and on May 3, 2019, the jury convicted Appellant on all charges. That same day, the trial court sentenced Appellant to an aggregate of life in prison without parole. Appellant filed a timely post-sentence motion, which the trial court denied on May 13, 2019.

Appellant filed a timely direct appeal from his judgment of sentence. He raised four issues on appeal. Namely, he challenged the sufficiency of the evidence supporting his convictions; he challenged the weight of the evidence supporting the jury's verdict; he alleged he was entitled to a new trial due to the trial court's improper admission of evidence that Appellant was on state parole at the time of the murder; and he averred he was entitled to a new trial due to the trial court's failure to grant a mistrial after the prosecutor improperly stated that Appellant attempted to bribe an alibi witness.

This Court found no merit to Appellant's issues, and, thus, on September 4, 2020, we affirmed his judgment of sentence. ***Commonwealth v. Watson***, No. 1694 EDA 2019, 240 A.3d 906 (Pa.Super. filed 9/4/20) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 31, 2021. Appellant did not seek review with the United States Supreme Court.

On September 2, 2021, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On October 13, 2021, PCRA counsel filed a "no-merit" letter, as well as a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On October 14, 2021, the PCRA court issued notice of its intent to dismiss the PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907.

On November 29, 2021, Appellant filed a response to the PCRA court's Rule 907 notice. Therein, he claimed that PCRA counsel was ineffective for failing to file an amended petition. He also claimed the trial court's April 27, 2019, waiver-of-counsel colloquy was defective.

The PCRA court permitted PCRA counsel to withdraw and appointed replacement counsel to conduct an independent investigation of Appellant's claims. On January 20, 2022, replacement counsel filed a **Turner/Finley** "no-merit" letter and motion to withdraw his representation. That same date, the PCRA court issued another Rule 907 notice of its intent to dismiss Appellant's petition without an evidentiary hearing. The PCRA court granted Appellant's motion for an extension of time to file a response. Appellant filed his response on February 7, 2022. By order entered on February 24, 2022, the PCRA court permitted new counsel to withdraw and denied Appellant's petition.

Appellant filed a timely appeal from the PCRA court's denial order. On appeal, Appellant presented claims of ineffective assistance of direct appeal counsel. This Court found no merit to Appellant's claims, and we affirmed the PCRA court's order. **Commonwealth v. Watson**, No. 787 EDA 2022, 296 A.3d 640 (Pa.Super. filed 3/27/23) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on October 17, 2023.

On July 17, 2024, Appellant filed a *pro se* PCRA petition.[1] Therein, Appellant alleged the Commonwealth withheld the call detail records, including latitude and longitude coordinates of cell towers, provided by T-Mobile for Appellant's phone number; the Commonwealth committed prosecutorial misconduct by allowing false testimony from Detective James Dunlap; and the evidence was insufficient to support his convictions.

Appellant acknowledged that his instant PCRA petition was facially untimely; however, he alleged he met the "newly discovered facts" and "governmental interference" exceptions. In this vein, he averred (verbatim):

> In June of 2024, [he] became aware of a news article titled, "Thousands of convictions questioned; prisoners released show why law enforcement technology must be tested by third parties[.]" See Exhibit D. The article specifically addresses faulty software utilized by law enforcement to establish a suspect's whereabouts in relation to a crime scene through the use of cell-

---

[1] Although this *pro se* petition was docketed on July 19, 2024, we deem it to have been filed on July 17, 2024, when Appellant handed it to prison officials. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (explaining the "prisoner mailbox rule").

site location information.  Specifically, [the article discusses] how the numerous problems with the software used to create historical cell-site analysis maps resulted in thousands of convictions being overturned.  This new revelation caused [Appellant] to reevaluate the historical cell-site evidence used in his conviction.  Through this process, [Appellant] discovered falsifications in Detective Dunlap's historical cell-site analysis report (Exhibit C) and in his testimony. N.T., 5/2/19, at 78-81.  The Commonwealth failed to correct this false and misleading information[.] [M]oreover, [the Commonwealth] suppressed both exculpatory and impeachment evidence in the form of original call detail records resulting from search warrant #190440 (See Exhibit A), which would have revealed these falsifications.

*** 

The newly discovered facts, presented in [the news article], diminishes the reliability of cell-site location information in criminal investigations.  These facts were unavailable to [Appellant] at the time of his trial.  Had the fact-finder been aware of the faults within the technology utilized in creating historical location information, there exists a reasonable probability they would have rejected Detective Dunlap's claim that his report was an accurate reflection of [Appellant's] location at or near the time of the murder.

Appellant's PCRA Petition, filed 7/17/24, at 7, 9.

On August 12, 2024, the PCRA court provided Appellant with notice of its intent to dismiss his second PCRA petition without an evidentiary hearing pursuant to Rule 907.  By opinion and order filed on September 19, 2024, the PCRA court dismissed Appellant's second PCRA petition.  In its opinion, the PCRA court found that Appellant's second PCRA petition was facially untimely,

and Appellant failed to meet any of the timeliness exceptions. This timely *pro se* appeal followed.[2]

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Presented" (verbatim):

> I. Did the PCRA court err in its conclusion that Appellant's second PCRA petition failed to satisfy the newly discovered fact exception to the PCRA's jurisdictional time-bar?
>
> II. Did the PCRA court err in its conclusion that the Commonwealth did not withhold any material evidence; and, therefore, Appellant's second PCRA petition failed to satisfy the governmental interference exception to the PCRA's jurisdictional time-bar?

Appellant's Brief at 4.

Initially, we note the following:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the

_____

[2] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and, consequently, Appellant did not file such a statement.

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010)

(citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[3] 42 Pa.C.S.A. §

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

Here, Appellant was sentenced on May 3, 2019, and this Court affirmed his judgment of sentence on September 4, 2020. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 31, 2021, and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on June 29, 2021, upon the expiration of the ninety-day deadline for filing a petition for writ of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking further review); U.S.Sup.Ct.R. 13 (setting the deadline for seeking *certiorari*). Thus, Appellant had until approximately June 29, 2022, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). However, he filed his instant PCRA petition on July 17, 2024, and, consequently, it is facially untimely.

However, this does not end our inquiry as Appellant attempts to invoke the "newly discovered facts" exception set forth in Subsection 9545(b)(1)(ii). Specifically, he avers that information he learned in a news article, which he

discovered in June of 2024, constitutes newly discovered evidence that cell-site location information is faulty. Appellant avers the Commonwealth relied "heavily" on cell-site location information during his trial, and "when Appellant applied the revelations learned from the news article to the evidence in his own case, he discovered false and misleading information within Detective Dunlap's historical cell-site analysis." Appellant's Brief at 12.

> To establish the newly discovered fact timeliness exception in [Sub]section 9545(b)(1)(ii), a petitioner must demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

For purposes of the newly discovered facts exception, incarcerated *pro se* petitioners are not presumed to know what is of public record. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). Significantly, however, we have explained that "newspaper articles referencing misconduct

in matters unrelated to [the petitioner] do not constitute newly discovered facts."[4] *Commonwealth v. Reeves*, 296 A.3d 1228, 1233 (Pa.Super. 2023).

That is, while a newspaper article may reference information which could potentially lead the petitioner to discover "facts," it is merely a starting point for a defendant to investigate and discover additional sources of new facts. *See Commonwealth v. Castro*, 93 A.3d 818, 825-27 (Pa. 2014). "Further, the 'fact' on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief." *Commonwealth v. Myers*, 303 A.3d 118, 122 (Pa.Super. 2023) (emphasis added) (citation omitted).

Instantly, Appellant points to an article from the "Criminal Legal News" February 2020 edition. The article discusses faulty software used to determine cell-site location information by law enforcement in Denmark. Because of the faulty software, the Denmark Justice Minister reported that the Denmark attorney general stopped all prosecutions based on the software's cell-site location information, and dozens of prisoners in Denmark were released because of the evidence derived from the faulty software.

Notably, Appellant has not demonstrated the same software was used in his case. Since the incident occurred in Denmark, there is no indication the

_____

[4] Appellant's submission appears to be from a magazine or other type of publication; however, under the auspices of the PCRA, there does not appear to be anything that materially distinguishes it from the treatment afforded to newspaper articles.

- 10 -

information contained in the article pertains to Appellant's case in any manner. That is, Appellant "cites no new information in his case." *Reeves*, 296 A.3d at 1233. Thus, he is not entitled to the "newly discovered evidence" timeliness exception on this basis.

Next, Appellant contends he is entitled to the "governmental inference exception" under Subsection 9545(b)(1)(i). Specifically, he baldly contends "Detective Dunlap falsified evidence when he attributed network connections to a cell tower in the vicinity of the crime scene…, even though those connections did not utilize that tower. He then suppressed the latitude and longitude coordinates of the cell tower actually used…to make these network connections." Appellant's Brief at 12. Appellant contends that he discovered the flawed analysis when he compared cell tower location area codes with those plotted on Detective Dunlap's analysis.

In support of his claim, he points to two exhibits, which he attached to his brief. The first exhibit is Commonwealth's Exhibit 146, which is the historical cell-site analysis performed by Detective James Dunlap. The second exhibit is Commonwealth's Exhibit 186, which are the call detail records from T-Mobile for Appellant's phone.

To demonstrate the "governmental interference exception," the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. *See*

- 11 -

*Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (explaining that the exception requires the petitioner to plead that the facts upon which the claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence).

Here, the evidence upon which Appellant relies (Detective Dunlap's historical cell-site location analysis and the call detail records) was provided to Appellant prior to trial. Appellant was present for Detective Dunlap's testimony, and he certainly could have cross-examined him regarding the alleged missing network connection information. Simply put, the fact Appellant believes he has discovered an error and/or fabrication in Detective Dunlap's analysis based on Appellant's "better understanding of cell phone evidence" does not constitute "governmental interference." *See* Appellant's Brief at 8.

For all of the foregoing reasons, we conclude the PCRA court properly held that Appellant's second PCRA petition is facially untimely, and he has not pled and proven an exception. "[Thus,] neither this Court nor the [PCRA] court has jurisdiction over this petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa.Super. 2007) (citation omitted). Therefore, we affirm the PCRA court's dismissal of Appellant's instant PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/22/2025